UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Lorenzo Franks a/k/a** | ) | |
| **Freddie Lee Walker,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Civil Action No.  SA-11-CA-1059-XR** |
| **VS.** | ) | |
| | ) | |
| **Rick Thaler,** | ) | |
| **Director, Texas Department** | ) | |
| **of Criminal Justice,** | ) | |
| **Correctional Inst. Division,** | ) | |
| | ) | |
| **Respondent.** | | |

## ORDER

On this date, the Court considered the United States Magistrate Judge's Memorandum and Recommendation concerning Petitioner Lorenzo Franks's petition for writ of habeas corpus under 28 U.S.C. § 2254, filed January 9, 2012 (Docket Entry No. 5), as well as Petitioner's objections thereto (Docket Entry No. 8). After careful consideration, the Court ACCEPTS the recommendation of the Magistrate Judge and DENIES in part and DISMISSES in part Petitioner's application for a writ of habeas corpus.

## Background

On January 12, 2011, in the 2nd 25th Judicial District Court of Guadalupe County, Texas, Petitioner Lorenzo Franks, a/k/a Freddie Lee Walker, pleaded guilty to three counts of burglary of a building in cause no. 11-0063-CR. Pursuant to his plea agreement, Franks was sentenced to serve two years in a state jail facility and was to receive 40 days credit for the time served prior to the

judgment. At the time Franks committed the burglary offense in cause no. 11-0063-CR, he was on parole for burglary in cause no. 87-CR-1210 out of Bexar County, for which he received a life sentence. Franks's parole in cause no. 87-CR-1210 was revoked on February 10, 2011, while he was still in the Guadalupe County jail. Following the revocation of his parole, Franks was placed in the Correctional Institutions Division of the TDCJ ("TDCJ-CID") to serve his life sentence in 87-CR-1210 and the two-year state jail sentence from 11-0063-CR.

On April 26, 2011, Franks filed his state habeas application challenging his confinement in cause no. 11-0063-CR. According to the findings of the state habeas court, pursuant to TDCJ-CID policy, if an inmate is sentenced to state jail while in a county jail, he may serve his sentence in state jail if his parole is not revoked prior to his transfer to TDCJ. If his parole is revoked prior to that transfer, the policy is that the inmate must be transferred to the institutional division. At the time of the revocation of parole, Franks was still in the Guadalupe County jail.

The state habeas court also noted its policy not to accept plea bargains for direct commitment to either state jail or the institutional division without a plea bargain or agreement as to the jail credit, if any, the defendant is to receive. The state habeas court determined that the state, Franks and Franks's attorney, pursuant to that court's policy, agreed that Franks was to receive 40 days jail credit in 11-0063-CR. This plea bargain was contained in a written document, signed by all parties and filed in cause no. 11-0063-CR. Additionally, the plea bargain was announced orally at the time of Franks's plea of guilty, and all parties orally agreed to it. The state court also approved the plea bargain. The Texas Court of Criminal Appeals denied Franks's state habeas application on November 16, 2011, cause no. WR-17, 583-11, without a written order, based upon the findings of the trial court.

Franks filed his petition for writ of habeas corpus with this Court on December 12, 2011. (Docket Entry No. 2). In his petition, Franks alleges that (1) he is illegally confined in the TDCJ-CID in cause no. 11-0063-CR in which he pled guilty to a state jail felony which entitled him to serve his sentence in a state jail facility, (2) his parole in cause no. 87-CR-1210 was improperly revoked based upon technical rule violations, (3) he is entitled to an additional nine days of credit towards his sentence in cause no. 11-0063-CR, and (4) the state courts erred in denying his state habeas application.

## Magistrate Judge's Memorandum and Recommendation

On January 9, 2012, United States Magistrate Judge Primomo issued his memorandum and recommendation for Franks's writ of habeas corpus. Magistrate Judge Primomo recommended that Franks's complaint regarding his revocation of parol in cause no. 87-CR-1210 should be dismissed for failing to comply with Rule 2(e) of the Rules Governing Section 2254 Cases. Rule 2(e) requires a petitioner, who is seeking relief from judgments of more than one state court, to file a separate petition covering the judgments of each court.  Judge Primomo also found no indication that Franks has exhausted all state remedies, as required by 28 U.S.C. § 2254(b). Section 2254(b) requires a state prisoner to exhaust available state remedies before filing a habeas petition in federal court. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). The state habeas petition filed with the Texas Court of Criminal Appeals, cause no. WR-17, 583-11, concerned Franks's Guadalupe County conviction, not his Bexar County parole revocation. Judge Primomo further noted that although Franks is complaining his parole was improperly revoked due to a technical violation, it is undisputed that Franks committed the Guadalupe County burglary offenses while he was on parol in cause no. 87-CR-1210. Therefore, Judge Primomo stated that if and when Franks does attempt to properly challenge his parole

violation in cause no. 87-CR-1210, his section 2254 habeas petition should be dismissed to the extent it includes a challenge to his parole revocation.

Magistrate Judge Primomo recommended that Franks's section 2254 habeas petition regarding cause no. 11-0063-CR be denied, as his challenges have no merit. In regard to the nine additional days of credit, Judge Primomo found that Franks's plea bargain reflected he was to only receive 40 days of credit towards his sentence and Franks has waived the additional nine days of credit.

Magistrate Judge Primomo found that Franks's complaint of the facility where he his serving his sentence should be dismissed as his complaint did not state a constitutional claim. Franks alleges his judgment in cause no. 11-0063-CR specifically mentions confinement in a state jail facility and further cites section 507.002 of the Texas Government Code as authority for his proposition that he should serve his sentence in cause no. 11-0063-CR in a state jail facility. Judge Primomo found the placement of Franks in the TDCJ-CID consistent with TDCJ policy based upon the timing of Franks's parole revocation. Judge Primomo further found that section 507.002 imposes no requirement of incarceration in a state jail facility and concluded that Franks has no due process right to serve his state sentence in a state jail facility.

Franks's final complaint regarded his state habeas petition, which was denied by the Texas Court of Criminal Appeals on August 24, 2011, no. WR-17, 583-11. However, Magistrate Primomo found that mere "[i]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court." (Docket Entry No. 5).

The Magistrate Judge's overall conclusion was that Franks's federal habeas petition should be dismissed regarding his Bexar County conviction and denied in regards to his Guadalupe County

conviction because Franks has failed to state a constitutional claim regarding the length or place of his incarceration.

## Standard of Review

This Court reviews the objected-to portions of the Magistrate Judge's Report de novo. 28 U.S.C. § 636(b)(1). Such review means that the Court will examine the entire record and will make an independent assessment of the law. Furthermore, this Court reviews the portions of the Report and Recommendation that are not objected to for clear error. *Id*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

A petition for a writ of habeas corpus is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Publ L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to 28 U.S.C. § 2254(d), as amended by the AEDPA, a petitioner may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court's decision is "contrary to ... clearly established federal law" if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law [or] ... confronts facts that are materially indistinguishable from a relevant Supreme

Court precedent and arrives at [the opposite result]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision is "an unreasonable application of clearly established federal law" if it either "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or makes an unreasonable determination as to whether or not to extend a legal principle from the Supreme Court's precedent to a new context. *Id.* at 407.

### Analysis

The Court construes Franks's filing (Docket Entry No. 8) as raising three objections: (1) The Magistrate Judge erred in his interpretation of Texas Government Code section 507.002, because Franks believes it mandates he serve his conviction of cause no. 11-0063-CR in a state jail facility; (2) the Magistrate Judge erred in concluding Franks waived his additional nine days of credit for time served in cause no. 11-0063-CR; (3) the Magistrate Judge erred in concluding that Lorenzo Franks and Freddie Lee Walker are the same person.

### I. Confinement in TDCJ-CID

The first objection raised by petitioner Franks is that the Magistrate Judge erred in interpreting Texas Government Code section 507.002. Franks claims the statute "sets out mandatory language and imposes a direct requirement that if a criminal defendant convicted of an offense punishable as a state jail facility, he must serve his state jail sentence in a state jail facility until discharged." (Docket Entry No. 8). Franks further contends that he "has a fundamental constitutional right to serve his 2 year state jail sentence in a state fail facility." (Docket Entry No. 8).

Section 507.002 of the Texas Government Code states that "[t]he state jail division *may*

confine in a state jail felony facility authorized by this subchatper defendants required by a judge to serve a term of confinement in a state jail felony facility following a ... conviction of an offense punishable as a state jail felony." TEX. GOV'T CODE ANN. § 507.002 (West 2011) (emphasis added). This section imposes no mandatory requirement that a defendant, who has been convicted of a state jail felony, must serve his sentence in a state jail facility. The state court found that the placement of Franks in the TDCJ-CID was consistent with the policy of TDCJ because of the timing of the parole revocation in cause no. 87-CR-1210. (Docket Entry No. 2-1, Ex. D at no. 4). Furthermore, "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State." *Olim v. Wakinekona*, 416 U.S. 238, 245 (1983). Therefore, Franks has no constitutional right to serve his sentence in a state jail facility. The placement of Franks in the TDCJ-CID, following his revocation of parole in cause no. 87-CR-1210, was not contrary to clearly established federal law, and as such, it cannot be a basis for federal habeas corpus relief.

### II. Nine Additional Days of Credit for Time Served

Franks also objects to the Magistrate Judge's recommendation to deny Franks nine additional days of credit for time served in cause no. 11-0063-CR. Generally speaking, "there is no federal constitutional right to credit for time served prior to sentence." *Gremillion v. Henderson*, 425 F.2d 1293 (5th Cir. 1970). Furthermore, the state court found that Franks and his attorney agreed, as part of the plea agreement, that he was to receive 40 days of credit in cause no. 11-0063-CR. (Docket Entry No. 2-1, Ex. D at no. 9). This plea agreement was contained in a written document that was signed by all parties and was announced orally at the time of Franks's plea of guilty. (Docket Entry No. 2-1, Ex. D at no. 10). This Court finds that Franks agreed to the 40 days of credit and the nine additional days of credit were waived. The award of 40 days of credit was not contrary to any clearly

established federal law.

### III. Identity of Lorenzo Franks and Freddie Lee Walker

Petitioner Franks has also objected to the Magistrate Judge's finding that Lorenzo Franks and Freddie Lee Walker are one and the same person. Franks contends that "Lorenzo Franks and Freddie Lee Walker are not one in the same person" and therefore appears to argue that the revocation of Freddie Lee Walker's parole in cause no. 87-CR-1210 should have no bearing on the conviction of Lorenzo Franks in cause no. 11-0063-CR and the subsequent transfer of Franks to the TDCJ-CID. This Court finds the objection to be without merit. The state habeas court found that by Franks's own admission, the records of TDCJ, and the recollection of the state court, Freddie Lee Walker and Lorenzo Franks are one and the same person. (Docket Entry No. 2-1, Ex. D at no. 1). As such, the revocation of Freddie Lee Walker's parole raises no claim that is contrary to a clearly established federal law. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

### Conclusion

For the foregoing reasons, the Court finds that Petitioner's objections lack merit. Additionally, this Court's review of the non-objected-to portions of the Magistrate Judge's Memorandum and Recommendation reveals no clear error. Therefore, this Court accepts the Magistrate Judge's recommendation and accordingly DISMISSES in part and DENIES in part Petitioner Franks's petition for a writ of habeas corpus.

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. §2253(c), the Court denies a certificate of appealability. The Court concludes that Petitioner has failed to show (1) that reasonable

jurists would find the Court's "assessment of the constitutional claims debatable or wrong," or (2)

that reasonable jurists would find it debatable whether the petition states a valid clam of the denial

of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is so ORDERED.

SIGNED this 14th day of March, 2013.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE